FILED by __ D.C.
ELECTRONIC

**Feb. 17, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KENNETH SCHNEIDER, LINDA SHAFFER, ALAN BRESLOW and GINNIFER GEE, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) | **CLASS ACTION COMPLAINT** |
| v. ) ) | **CASE NO.** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, U.S. BANK NATIONAL ASSOCIATION, LENDER PROCESSING SERVICES, INC. and DOCX, LLC. ) ) ) ) ) ) ) | **JURY DEMAND**  **10-CV-80259-Zloch/Rosenbaum** |
| Defendants. ) | |

### CLASS ACTION COMPLAINT

Plaintiffs KENNETH SCHNEIDER, LINDA SHAFFER, ALAN BRESLOW and GINNIFER GEE by and through their undersigned attorneys, bring this action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of themselves and all others similarly situated against Defendants, DEUTSCHE BANK NATIONAL TRUST COMPANY, U.S. BANK NATIONAL ASSOCIATION, LENDER PROCESSING SERVICES, INC. and DOCX, LLC. and allege as follows:

## I.     INTRODUCTION

1.     This is an action for violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692e (2) (A), (5) and (10), brought by one or more classes of mortgagors who have been sued for foreclose on their residential properties.

2.     Many homeowners in foreclosure actions find that they have been sued for foreclosure by a bank called the "Trustee for the Certificate Holders" of a Home Loan Trust. In

such cases, the bank/trustee filing the foreclosure complaint may not be known to the homeowner. The very first time most homeowners learn that their home was part of a publicly-traded home loan trust is when they are served with the foreclosure complaint.

3.      In the past ten years, hundreds of thousands of residential mortgages were bundled together (often in groups of about 5,000 mortgages), and investors were offered the opportunity to buy shares of each bundle. This process is called securitization.

4.      Each such bundle of residential mortgages was given a name, such as "XYZ Home Loan Trust 2006 ABC-2." The name indicates information about the particular trust such as the year it was created (2006) and its contents (with ABC indicating by whom the loans in that particular trust were originally made).

5.      The Home Loan Trust has a Pooling and Servicing Agreement ("PSA"). The PSA sets forth what happens after the mortgages are bundled together. The PSA also sets a Cut Off Date. The Cut Off Date is the date on which all mortgage loans in the trust must be identified. In short, a final list of all of the mortgages in the bundle is set out.

6.      Under the PSA, the Originator sells the bundle of mortgages to an entity known as a "depositor." The depositor then sells the bundle of mortgages to an "Underwriter," the company that issues the certificates that show that the investors hold a beneficial interest in the trust. In short, the mortgage has gone from the Originator, to the Depositor to the Underwriter to the Trust.

7.      Each trust also has a Closing Date which is the date that the individual mortgages are transferred to the Trust Custodian, who must certify that for each mortgage, the custodian has a mortgage note endorsed in blank and proof that the ownership of the note has been transferred. This proof is most often an Assignment of Mortgage. Most trusts included the following or

equivalent language regarding the Assignments: "Assignments of the Mortgage Loans to the Trustee (or its nominee) will not be recorded in any jurisdiction, but will be delivered to the Trustee in recordable form, so that they can be recorded in the event recordation is necessary in connection with the servicing of a Mortgage Loan."

8.      Some of the mortgages in the Home Loan Trust inevitably go into default and eventual foreclose.   The Trustee claims in the foreclosure actions that it has acquired the loan from the Originator.  However, the Trustee never mentions the intervening transfers and never proves that such transfers lawfully occurred.  In the rush to create these trusts and sell shares to investors, Assignments were never prepared, filed and recorded. This means that the entity seeking to foreclose can never prove the chain of ownership.  In these cases, the Originator retains the right to service the loans for a fee. The homeowner has no idea that it is corresponding and negotiating with a mortgage loan servicer instead of a mortgage loan owner.

9.      When widespread defaults occurred, Trustees and their lawyers discovered in the foreclosure process that the Assignments could not actually be located, or that certain states did not allow blank Assignments or Assignments with retroactive effective dates.  To solve the problem of the missing Assignments, new Assignments were made and recorded.  Most of these Assignments did not set forth the actual date that the Assignment took place.  The Assignments were signed and notarized as if the transfer took place many years after the actual transfer date.

10.     The Assignments were prepared by specially selected law firms and companies that specialized in providing "mortgage default services" to banks and mortgage companies.  In Florida and other jurisdictions with a high rate of mortgage defaults, over 80% of the filed Mortgage Assignments in the last three years were prepared and filed by the same five or six law firms and default processing companies.

11.     Repeatedly, two such Assignments were prepared and filed. The first was prepared in the name of one entity as "nominee" for the particular bank or mortgage company. When the first entity's authority to file foreclosures and Assignments was challenged, an Assignment was prepared in the name of a second entity.

12.     In all of these cases, the Assignment is prepared to conceal the actual date that the property was acquired by the Trust. An examination of the Assignments filed showing the grantee as the Trust – such as "XYZ Home Loan Trust <u>2006</u> – ABC 2" – shows that most of these Assignments were prepared and filed in 2008 and 2009, when, in reality, the mortgages and notes were actually assigned prior to the closing date of the Trust. While the exact closing date can only be determined by looking at the trust documents, any Trust that includes the year in 2006 in its title closed in 2006.

13.     If a Mortgage Assignment is dated, notarized and filed in a year after the year set forth in the name of the grantee trust on the Assignment, it is actually an Assignment specially, and in many cases, fraudulently, made to facilitate foreclosures.

14.     These Specially-Made Assignments have created havoc in the courts. In many cases, the Specially-made Assignments are dated *AFTER* the foreclosure action has been initiated, making it appear that the Trust somehow magically knew prior to the assignment that it would acquire the defaulting property several months after the foreclosure action was initiated.

15.     Repeatedly, courts have asked Trustees to explain why they were acquiring non-performing loans and whether such acquisition was a violation of the trustee's fiduciary duty to the Trust. No Trustee has ever come forth and explained that the Trust actually acquired the loan years before the Assignment. As a result, there are many decisions with observations similar to

this observation made by Judge Arthur M. Schack of Kings County, New York, in *HSBC Bank v.*

*Valentin*, 21 Misc. 3d 1124 [A]:

> Further, according to plaintiff's application, the default of defendants Valentin and Ruiz began with the nonpayment of principal and interest due on January 1, 2007. Yet, four months later, plaintiff HSBC was willing to take an assignment of the instant nonperforming loan. The Court wonders why HSBC would purchase a nonperforming loan, four months in arrears?

16. In *Deutsche Bank National Trust Co. v. Harris*, Judge Arthur M. SCHACK,

Kings, New York, Index No. 39192/2007 (05 FEB 2008):

> Further, the Court requires an explanation from an officer of plaintiff DEUTSCHE BANK as to why, in the middle of our national sub-prime mortgage financial crisis, DEUTSCHE BANK would purchase a non-performing loan from INDYMAC...

17. In Massachusetts in October, 2009, Land Court Judge Keith Long reaffirmed a

March, 2009, ruling that a lender cannot begin foreclosure proceedings before the lender has

filed and recorded the Assignment, stating:

> The blank mortgage assignments they possessed transferred nothing...in Massachusetts, a mortgage is a conveyance of land. Nothing is conveyed unless and until it is *validly* conveyed. The various agreements between the securitization entities stating that each had a right to an assignment of the mortgage are *not themselves* an assignment and they are certainly not in recordable form. *U.S. Bank National Association v. Ibanez*, Massachusetts Land Court Misc. Case No. 384283, consolidated with two other cases.

18. In cases where the Trust failed to get a valid Assignment, the problem is

complicated by the bankruptcy of the major loan originators, including American Home

Mortgage, Option One Mortgage, and Countrywide Home Loans.

19. When these big mortgage companies filed for bankruptcy, they did not disclose

the mortgages already sold to the trusts as assets, because the transfers occurred months and

years prior to the bankruptcy filing. Years later, when the Assignments were required for

foreclosures, a bankruptcy court's permission was needed to Assign billions of dollars in mortgages. Most likely in fear that a Bankruptcy Judge would not rubber stamp such a request, no such permission has ever been sought.

20.    In lieu of valid Assignments, Trusts continue to rely on Assignments specially made by their own law firms and mortgage default service companies.

21.    Aside from the law firms and mortgage servicing companies that fraudulently produced Assignments, the entities at greatest risk that the fraudulent Assignments scheme will be exposed are the Title Companies that guaranteed the clear and correct transfer of ownership to the Trusts. Also at risk are the trust creators themselves and the Trustees. Both groups of entities have been on notice for several years that the faulty Assignments were likely to jeopardize the Trusts' claims to ownership and ability to foreclose in the event of default, yet have failed to disclose this critical information to trust shareholders and to the SEC.

22.    Defendants, including Deutsche Bank National Trust and U.S. National Bank Association, as nominal trustee for the holders of mortgage-backed securities, have filed thousands of foreclosure actions in state and federal courts in Florida, and throughout the United States, including against the plaintiffs, under false pretenses, without the legal authority to bring such suits.

23.    Defendants, including DOCX, LLC and LENDER PROCESSING SERVICES, INC. have assisted Defendants, DEUTSCHE BANK and U.S. BANK, as trustees for hundreds of securitized trusts containing hundreds of thousands of residential mortgages, in filing foreclosure actions under false pretenses and without legal authority.

24.    Defendants, DEUTSCHE BANK and U.S. BANK, repeatedly filed suit against Plaintiffs and the putative class members, and in many instances received distributions from the

sale of their properties, while engaging in one or more of the following unfair and deceptive trade practices:

a.  Defendants, DEUTSCHE BANK and U.S. BANK, have filed, or caused to be filed, false and fabricated Assignments of Mortgages, prepared by Defendants, DOCX, LLC and LENDER PROCESSING SERVICES, INC., in order to foreclose upon residential properties;

b.  These Assignments were prepared by Defendants, DOCX, LLC and LENDER PROCESSING SERVICES, INC., and used false information regarding the individuals executing such Assignments, holding such individuals out to be officers of various banks; mortgage companies; mortgage servicing companies; and Mortgage Electronic Registration systems, Inc. ("MERS") as nominee for banks, mortgage companies and mortgage servicing companies;

c.  Defendants, DEUTSCHE BANK and U.S. BANK, used these Assignments where essential documentation to prove chain of title had not been obtained;

d.  Defendants, DEUTSCHE BANK and U.S. BANK, also filed or caused to be filed Assignments of Mortgages prepared by Defendants, DOCX, LLC and LENDER PROCESSING SERVICES, INC., with forged signatures of individuals purported to be officers of various banks, mortgage companies and mortgage electronic registrations services;

e.  Defendants, DEUTSCHE BANK and U.S. BANK, repeatedly filed foreclosure actions several months before they acquired any legal interest in the subject property through an assignment of the mortgage, falsely claiming that they owned the note executed with the mortgage on the property;

f.  Defendants, DEUTSCHE BANK and U.S. BANK, repeatedly filed foreclosure actions claiming that they had lost the necessary documentation, particularly Notes and Mortgages, after acquiring such documents, when, in fact, they had never possessed such documents;

g.  Defendants, DEUTSCHE BANK and U.S. BANK, have filed other altered or fabricated documents in many foreclosure cases to support their claims of ownership, including filing multiple Assignments (with different dates, bank officer signatures, witnesses, and notaries for the same residential property); and

h.  Defendants, DEUTSCHE BANK and U.S. BANK, have repeatedly filed foreclosure actions, as trustee for the certificate holders of mortgage-backed securities, where the chain of title has not and cannot be

established by Defendants, because the necessary assignments were never prepared, executed and filed in the rush to transform these notes and mortgages into asset-backed securities – that is, when the notes and mortgages were transferred from the loan Originator to the Depositor to the Underwriter to the Securitized Trust.

25.     In this action, plaintiffs seek to recover actual and statutory damages, as well as attorneys' fees and costs as permitted by law.

## II.   PARTIES

26.     Plaintiff, KENNETH SCHNEIDER, ("SCHNEIDER") was and is a resident of the State of Florida residing in the city of Gainesville, County of Alachua.

27.     Plaintiffs, LINDA SHAFFER and ALAN BRESLOW ("BRESLOW") were and are residents of the State of Florida residing in the City of Bradenton, County of Manatee.

28.     Plaintiff, GINNIFER GEE, ("GEE") was and is a resident of the State of Florida residing in the City of Ocala, County of Marion.

29.     Plaintiffs bring this action on behalf of themselves and all other members of the proposed class(es).

30.     Plaintiffs and the members of the putative class(es) did not know or have any reason to know that the Defendants violated the FDCPA, 15 U.S.C. § 1692k(e), causing them to suffer the injury which is the basis of the action until the Defendant(s) filed the Notice of Filing the Mortgage Assignment.

31.     Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("DBNTC") is a national banking association organized and existing under the laws of the United States, with its principal place of business in Irvine, California, and doing business in the State of Florida.

32.     Defendant, DOCX, LLC, ("DOCX") was and is a Georgia Corporation with its principal place of business at 601 Riverside Avenue, Jacksonville, Florida 32204.

33.     Defendant, LENDER PROCESSING SERVICES, INC., ("LPSI") was and is a Delaware Corporation, registered to do business in the State of Florida, with its principal place of business at 601 Riverside Avenue, Jacksonville, Florida.  At all times relevant, LPSI was the parent corporation of Defendant DOCX.

34.     Defendant, U.S. BANK NATIONAL ASSOCIATION, ("USBNA") was and is a national banking association with its principal place of business in Minnesota and doing business in the State of Florida.

## III.     JURISDICTION AND VENUE

35.     The Court has original jurisdiction over Plaintiffs' Fair Debt Collection Practices Act claim pursuant to 28 U.S.C. § 1331.

36.     This court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the named Plaintiffs and the named Defendants are of diverse citizenship, and under 28 U.S.C. § 1332 (d)(2), because this is a class action in which (a) the aggregate amount in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs, (b) there are at least 100 class members, and (c) at least one member of the plaintiff class is a citizen of a state other than Florida.

37.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (a) because Defendants conduct business in Florida, by filing thousands of fabricated Assignments in thousands of foreclosure actions within this judicial district and because Defendants have registered agents within this judicial district, within the meaning of 28 U.S.C. § 1391 (a) as defined in § 1391 (c).

## IV.   FACTUAL ALLEGATION

### A.   FORCLOSURE ON PLAINTIFF KENNETH SCHNEIDER

38.   On January 26, 2006, Kenneth Schneider refinanced his home at 13229 E. County Road 1474, Gainesville, Florida, executing a mortgage and note to the original mortgagee, Saxon Mortgage, Inc.

39.   On November 10, 2009, DBNTC sued Plaintiff SCHNEIDER for foreclosure in Circuit Court in and for Alachua County, Florida. DBNTC sued as "Deutsche Bank Trust Company Americas as Indenture Trustee for Saxon Asset Securities Trust 2006-1."

40.   No Assignment was filed with the Complaint for Foreclosure.

41.   On November 3, 2009, Jessica Ohde and Rita Knowles, representing themselves to be Vice President and Assistant Vice President of Saxon Mortgage, Inc., executed an Assignment of Mortgage, transferring plaintiff SCHNEIDER's property, mortgage and note to Deutsche Bank Trust Company Americas as Indenture Trustee for Saxon Asset Securities Trust 2006-1.  (Attached hereto as Exhibit "A")

42.   This Assignment was prepared by defendant DOCX, and sent by U.S. Mail to the Clerk of the Court for Alachua County, Florida, where it was filed and recorded on December 3, 2009.

43.   The foreclosure action against SCHNEIDER is still pending.

### B.   FORCLOSURE ON PLAINTIFF GINNIFER GEE

44.   On May 31, 2005, Ginnifer Gee purchased her home at 18781 NE 238th Court, Fort McCoy, Florida executing a mortgage and note to the original mortgagee, Advent Mortgage, LLC, a Kentucky, LLC.

45.   At a time unknown to plaintiff GEE, Advent Mortgage, LLC transferred ownership of the note to Option One Mortgage Corporation.

46.     On May 18, 2009, defendant USBNA sued plaintiff GEE for foreclosure in Circuit Court in and for Marion County, Florida. USBNA sued "as trustee for the structured asset investment loan trust 2005-10."

47.     No Assignment was filed with the Complaint for Foreclosure.

48.     On July 1, 2009, Korell Harp and Tywanna Thomas, representing themselves to be Vice President and Assistant Vice President of AHMSI respectively, executed an Assignment of Mortgage, transferring plaintiff GEE's property, mortgage and note to U.S. Bank National Association, as Trustee for the Structured Asset Investment Loans Trust, 2005-10. This Assignment stated that the effective date of the Assignment was January 15, 2009. (Attached hereto as Group Exhibit "B")

49.     This Assignment was prepared by defendant DOCX, and sent by U.S. Mail to the Clerk of the Court for Marion County, Florida, where it was filed and recorded on July 6, 2009. No copy of this Assignment was sent to Plaintiff GEE at that time.

50.     On October 19, 2009, defendant USBNA filed the Assignment executed on July 1, 2009, in the pending foreclosure action, to establish its standing to file the foreclosure action and its ownership of plaintiff GEE's mortgage and note.

51.     On December 1, 2009, Shelly Scheffey and Debbie Moonan, representing themselves to be Vice President and Assistant Secretary of AHMSI, respectively, executed a second Assignment of Mortgage, transferring plaintiff GEE's property, mortgage and note to USBNA, as Trustee for the Structured Asset Investment Loans Trust, 2005-10. This Assignment stated that the effective date of the Assignment was January 15, 2009. (Attached hereto as Group Exhibit "B")

52.    This second Assignment was also prepared by defendant DOCX, and sent by U.S. Mail to the Clerk of the Court for Marion County, Florida, where it was filed and recorded on December 8, 2009.  This second assignment was never filed in the foreclosure action or sent to the plaintiff GEE.

53.    The foreclosure action against plaintiff GEE is still pending.

### C.    FORCLOSURE ON PLAINTIFFS LINDA SHAFFER AND ALAN BRESLOW

54.    On September 21, 2005, Linda L Shaffer and Alan L Breslow (husband and wife), purchased a house at 15335 Blue Fish Circle, Bradenton, Florida, executing a mortgage and note to the original mortgagee, American Home Mortgage Acceptance, Inc.

55.    Linda L Shaffer and Alan L Breslow  defaulted on their mortgage payments due to unforeseen financial problems.

56.    On April 29, 2009, DBNTC sued Plaintiff Linda L Shaffer and Alan L Breslow for foreclosure in Circuit Court in and for Manatee County, Florida. DBNTC sued as "Deutsche Bank Trust Company Americas as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes series 2006-1."

57.    On May 1, 2009, Korell Harp and Tywanna Thomas, representing themselves to be Vice President and Assistant Secretary of Mortgage Eelctronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc., executed an Assignment of Mortgage, transferring plaintiff's mortgage to Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes series 2006-1. The Assignment was filed and recorded by defendant DOCX on May 4, 2009. (Attached hereto as Exhibit "C")

58.     Plaintiff's attorney filed a Motion to Dismiss. DBNTC attorneys took the action forward to a hearing. Plaintiff's Linda L Shaffer and Alan L Breslow won the dismissal without prejudice. DBNTC then refiled a Lis Pendens and issued a second summons on September 30, 2009.

59.     The foreclosure action against Linda L Shaffer and Alan L Breslow is still pending.

## V.     CLASS ALLEGATIONS

60.     This Class Action is being filed by the Plaintiffs, pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of themselves and others similarly situated.

61.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated, as members of a proposed Plaintiff Class. The Class that Plaintiffs seek to represent is defined as:

> All persons seeking damages under Fair Debt Collection Practices Act against a Defendant who filed a suit for foreclosure in any state or federal court, either on its own behalf or as trustee for any other persons or entities, where the Filing of the Notice of Filing the Mortgage Assignment occurred at some time less than one year prior to the date of this complaint to the present.

62.     Excluded from the Class are the Defendants in this action, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, the Judge assigned to this action and her or his family.

63.     This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

64.     This Court may maintain these claims as a class action pursuant to Fed. R. Civ. P. 23(b) (1), 23(b) (2), 23(b) (3), and/or 23(c) (4) (A).

65.    **Existence of an Identifiable Class** - The proposed Class definition is sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member. Court records, land records, and records in the hands of the Defendant can be referenced to determine or verify Class membership.

66.    **Numerosity of the Class** - Fed. R. Civ. P. 23(a) (l): The Class consists of individuals throughout the United States, making individual joinder impractical, in satisfaction of Rule 23(a) (1). Class members number in the thousands. The precise number of Class members and their addresses are unknown to Plaintiffs, but can be obtained from Defendants and from various court records. Class members can be notified of the pendency of this action based on those records, or by any means used by the Defendants to notify them of the underlying foreclosure suits. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

67.    **Existence of Common Questions of Fact and Law** - Fed. R Civ. P. 23(a)(2): The Class Representatives allege that the questions of law and fact relating to their claims are common to the claims of the class and that the common claims predominate over any questions affecting solely individual members, in satisfaction of Rule 23(a)(2).  There are questions of law and fact common to the Class. Moreover, these questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

> • Whether filing a foreclosure suit without the ability to obtain and record an assignment of the mortgage and note constitutes false, deceptive or misleading conduct in violation of 15 U.S.C § 1692e;
>
> • Whether Plaintiffs and Class members have been injured by Defendant's conduct;
>
> • Whether all or some of the fees charged against the Class members are recoverable in this action;

• Whether Plaintiffs and Class members are entitled to compensatory damages, and the amount of such damages;

• Whether Plaintiffs and Class members are entitled to statutory damages and the amount of such damages; and

• Whether filing and pursuing a foreclosure suit using a mortgage assignment with forged signatures, erroneous information regarding the authority of the signers, and/or erroneous information regarding the date the transfer actually occurred constitutes false, deceptive or misleading conduct in violation of 15 U.S.C. § 1692e.

68.     **Typicality** - Fed. R. Civ. P. 23(a) (3): Plaintiffs' claims are typical of the claims of the Class because Defendants initiated suit against them without having an assignment of the Note and Mortgage.

69.     **Adequacy** - Fed. R. Civ. P. 23(a) (4): Plaintiffs are adequate representatives of the Class because their interests overlap and are not in conflict with the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

70.     The class may be certified pursuant to Fed. R. Civ. P. 23(b) (1).   Class certification is appropriate pursuant to Rule 23(b)(1) because the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications respecting individual members of the classes would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

71.     The class may be certified pursuant to Fed. R. Civ. P. 23(b) (2).   Class certification is appropriate pursuant to Rule 23(b)(2) because Defendants have acted or refused

to act on grounds generally applicable to all members of the class, thereby making final injunctive relief or declaratory relief as a whole appropriate. Plaintiffs and members of the Classes have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct.

72.     The class may be certified pursuant to Fed. R. Civ. P. 23(b) (3). A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Rule 23(b) (3). Absent a class action, most members of the Classes likely would find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

73.     Class certification is also appropriate because this Court can designate particular claims or issues for class wide treatment pursuant to Rule 23(c)(4)(A) and may designate one or more subclasses pursuant to Rule 23(c)(4)(B).

## VI.   COUNTS

### COUNT I

### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

74.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

75.     Federal law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt. . ." including the "false representation of …. the character, amount, or legal status of any debt..." and the "threat to take any action that cannot legally be taken ..." 15 U.S.C. 1692e.

76.     In foreclosing on or attempting to foreclose on Plaintiffs' homes, the Defendants:

a.   made false, deceptive and misleading representations concerning their standing to sue the plaintiffs and its interest in the debt;

b.   falsely represented the status of the debt, in particular, that it was due and owing to defendants at the time the suit was filed;

c.   falsely represented or implied that the debt was owing to defendants as an innocent purchaser for value, when in fact, such an assignment had not been accomplished;

d.   threatened to take action, namely engaging in collection activities and collection and foreclosure suits as trustee that cannot legally be taken by them; and

e.   obtained access to state and federal courts to collect on notes and foreclose on mortgages under false pretenses, namely, that Defendants were duly authorized to engage in such activities when in fact they were not.

77.   Upon information and belief, Defendants did not, and cannot, obtain and/or file an assignment of the notes or mortgages of the named Plaintiffs or putative class members.

78.   These violations of the FDCPA entitle Plaintiffs to recover the actual damages they have sustained as a result of the improper filing of foreclosure suits; statutory damages of up to $1,000 per class-member and such other or alternative damages as are permitted by law; and costs and reasonable attorney fees incurred herein.

79.   Plaintiffs and putative class members did not know and had no reason to know of the injury which is the basis is this action until provided with a copy of the Assignment by Defendants DEUTSCHE BANK and U.S. BANK.

WHEREFORE, the Plaintiffs, on their behalf and on behalf of the Class of all persons similarly situated, requests that this Court enter judgment against the Defendants and award all damages, costs, and any other relief this Court deems just and proper.

## VII.   JURY TRIAL DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Classes request that the Court enter an order or judgment against Defendants as follows:

A.   Certification of the action or common issues herein as a Class Action, appointment of Plaintiffs as Class Representatives and counsel of record as Class Counsel, and designate any appropriate subclasses, for any or all claims and issues, under the applicable class action provisions;

B.   Such coordinated and cooperation as may be appropriate between this Court and other courts that may exercise jurisdiction over the subject matter of this litigation;

C.   A determination of common issues and claims in a unitary consolidated or class wide trial under Fed. R. Civ. P. 42 and/or 23;

D.   An award of compensatory damages to each injured class member in an amount deemed appropriate by the trier of facts;

E.   An award of pre-judgment and post-judgment interest;

F.   Awarding Plaintiffs their costs and expenses in this litigation, including reasonable attorneys' fees and expert fees;

G.   An order awarding Plaintiffs and the Class damages and other compensatory relief as the Court deems proper in the maximum amount allowed by law; and

H.   Any other and further legal and/or equitable relief to which Plaintiffs and class members might be entitled at law or which this Court deems proper, including, according to proof, such exemplary or punitive damages as may be necessary and appropriate to punish and deter any reprehensible or intentional misconduct.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiffs demands a trial by jury on all issues so triable.

Dated: February ___, 2010

By: _____

**THE SZYMONIAK FIRM, P.A.**
Lynn E. Szymoniak, Esq.

Florida Bar No:  0331953
The Metropolitan, PH2-05
403 S. Sapodilla Avenue
West Palm Beach, FL  33401
Telephone: (561) 247-1391

**JANET, JENNER & SUGGS, LLC**
Howard A. Janet, Esq.
Hal J. Kleinman, Esq.
1829 Reisterstown Road
Suite 320
Baltimore, Maryland 21208
Telephone: (410) 653-3200
Facsimile: (410) 653-6903
*Pro hac vice* Motion Filed With Complaint

**JANET, JENNER & SUGGS, LLC**
Kenneth M. Suggs, Esq.
500 Taylor Street
Columbia, South Carolina 29101
Telephone: (803) 726-0050
Facsimile: (803) 727-1059
*Pro hac vice* Motion Filed With Complaint

**RICHARD A. HARPOOTLIAN, P.A.**
Richard A. Harpootlian, Esq.
Grahm L. Newman, Esq.
1410 Laurel Street
Post Office Box 1090
Columbia, South Carolina 29202
Telephone : (803) 252-4848
*Pro hac vice* Motion Filed With Complaint

Attorneys for Plaintiffs and the Classes

# EXHIBIT A

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2543615    1 PG

Dec 03, 2009  10:58 AM
BOOK 3923    PAGE 171
J. K. IRBY
Clerk Of Circuit Court
Alachua County, Florida
CLERK31   Receipt # 428063



2543615    1 PG

Document Prepared By:
**Ron Meharg, 888-362-9638**
When Recorded Return To:
**DOCX**
**1111 Alderman Dr., Suite 350**
**Alpharetta, GA  30005**

| SAXCM | 000 | 118302700 |
|-------|-----|-----------|

Secondary Ref. #: 0011954526
CRef#:11/14/2009-PRef#:A063-POF
Date:10/30/2009-Print Batch ID:8876
Property Address:
**13229 E COUNTY ROAD 1474**
**GAINESVILLE, FL 32641**
FL206-eR2.0   10/05/2009 Copyright (c) 2009 by DOCX LLC

This Space for Recorder's Use Only

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, SAXON MORTGAGE, INC., whose address is 4840 COX ROAD, GLEN ALLEN, VA 23060, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto Deutsche Bank Trust Company Americas, as Indenture Trustee for Saxon Asset Securities Trust 2006-1, whose address is 1761 East St. Andrew Place, Santa Ana, CA 92705-4934, the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s): **KENNETH R SCHNEIDER, A SINGLE MAN**
Original Mortgagee: **SAXON MORTGAGE, INC.**
Date of Mortgage: **01/26/2006**          Loan Amount: **$78,000.00**
Recording Date: **02/23/2006**    Book: N/A Page: N/A Document #: 2216396
and recorded in the official records of the County of Alachua, State of Florida affecting Real Property and more particularly described on said Mortgage referred to herein.

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of **11/03/2009**.

SAXON MORTGAGE, INC.

Witness: **Bailey Kirchner**

**Jessica Ohde**
**Asst. Vice President**

Witness: **Linda Green**

**Rita Knowles**
**Asst. Vice President**

State of GA
County of **Fulton**

On this date of **11/03/2009**, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named **Jessica Ohde** and **Rita Knowles**, known to me (or identified to me on the basis of satisfactory evidence) that they are the **Asst. Vice President** and **Asst. Vice President** respectively of **SAXON MORTGAGE, INC.**, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: **Shawanna Crite**
My Commission Expires: **03/12/2013**

Shawanna Crite
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
March 12, 2013

# GROUP EXHIBIT B

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 12/08/2009  01:47:10 PM
FILE #: 2009105220  OR BK 05288 PG 0707

RECORDING FEES 10.00

Document Prepared By:
Ron Meharg, 8888-362-9638
When Recorded Return To:
**DOCX**
1111 Alderman Dr.
Suite 350
Alpharetta, GA  30005

| DXFXt | 647 | 46231530 |

CRef#:07/12/2009-PRef#:A078-POF
Date:06/30/2009-Print Batch ID:9234
Property Address:
18781 NE 238TH CT
FORT MCCOY, FL 32134-7075
FLaosi-eR2.0  11/24/2009 Copyright (c) 2009 by DOCX LLC

This Space for Recorder's Use Only

### ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt and sufficiency of which is hereby acknowledged, **American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage Corporation**, whose address is **6501 Irvine Center Drive, Irvine, CA 92618**, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto **U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-10**, whose address is **180 East Fifth Street St. Paul, MN 55101**, the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s): **GINNIFER GEE UNMARRIED**
Original Mortgagee: **ADVENT MORTGAGE, LLC, A KENTUCKY LLC**
Date of Mortgage: **05/31/2005**       Loan Amount: **$107,600.00**
Recording Date: **06/29/2005**  Book: **04087**  Page: **0970-0980**  Document #: **2005113801**
Misc. Comments: **ASSIGNMENT EFFECTIVE DATE 1/15/2009**

~~SEE ATTACHED LEGAL DESCRIPTION~~

and recorded in the official records of the County of **Marion**, State of **Florida** affecting Real Property and more particularly described on said Mortgage referred to herein.

**IN WITNESS WHEREOF**, the undersigned has caused these presents to be executed on this date of **12/01/2009**.

American Home Mortgage Servicing, Inc. as
successor-in-interest to Option One Mortgage Corporation

Witness: ~~TIFFANY KIRKLAND~~

Shelly Scheffey
Vice President

Witness: ~~HANNAH ROBERTS~~

Debbie Moonan
Asst. Secretary

State of **GA**
County of **Fulton**

On this date of **12/01/2009**, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named Shelly Scheffey and Debbie Moonan, known to me (or identified to me on the basis of satisfactory evidence) that they are the Vice President and Asst. Secretary respectively of **American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage Corporation**, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public

SOURCE DOCUMENTS & INFO INC
404 S MARTIN LUTHER KING JR AVE
CLEARWATER, FL 33756

Jennifer Q Shaw
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
November 19, 2013

LEGAL DESCRIPTION:
PARCEL ONE:
BLOCK E, SITE NUMBER 8, IN LAKE DELANCY, INC., OR MORE PARTICULARLY
DESCRIBED AS FOLLOWS:
THE SOUTH 50.0 FEET OF THE NORTH 1202.0 FEET TO THE WEST 120.0 FEET OF THE
EAST 840.0 FEET OF THE NE 1/4 OF SECTION 26, TOWNSHIP 12 SOUTH, RANGE 25
EAST.
PARCEL TWO:
BLOCK E, SITE NUMBER 9, IN LAKE DELANCY, INC., OR MORE PARTICULARLY
DESCRIBED AS FOLLOWS:
BLOCK E, SLIDE #7, IN LAKE DELANCY, MORE PARTICULARLY DESCRIBED AS
FOLLOWS:
THE SOUTH 50.0 FEET OF THE NORTH 1252.00 FEET OF THE WEST 120.0 FEET OF
THE EAST 840.0 FEET OF THE NORTHEAST 1/4 OF SECTION 25, TOWNSHIP 12
SOUTH, RANGE 25 EAST, MARION COUNTY, FLORIDA.
BEING THE SAME PROPERTY CONVEYED TO GINNIFER GEE, UNMARRIED, BY
DEED DATED MAY 31, 2005 OF RECORD IN BOOK, PAGE, IN THE OFFICE OF THE
PUBLIC RECORDS OF MARION COUNTY, FLORIDA.

PROJECT A030 (AHMA) 647-46231530
COUNTY: MARION, STATE: FLORIDA

Document Prepared By:
Ron Meharg, 888-362-9638
When Recorded Return To:
DOCX
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| AHMA | 647 | 46231530 |

RECORD AND RETURN TO

CRef#:07/12/2009-PRef#:A031-POF
Date:06/30/2009-Print Batch ID:6307
Property Address:
18781 NE 238TH CT
FORT MCCOY, FL 32134-7075
FLaosi-eR2.0  01/07/2009 Copyright (c) 2009 by DOCX LLC

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 07/06/2009 04:29:50 PM
FILE #: 2009056782  OR BK 05221 PGS 1679-1680

RECORDING FEES 18.50

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage Corporation, whose address is 6501 Irvine Center Drive, Irvine, CA 92618, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-10, whose address is 180 East Fifth Street St. Paul, MN 55101, the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s): GINNIFER GEE UNMARRIED
Original Mortgagee: ADVENT MORTGAGE, LLC, A KENTUCKY LLC
Date of Mortgage: 05/31/2005                    Loan Amount: $107,600.00
Recording Date: 06/29/2005   Book: 04087   Page: 0970-0980   Document #: 2005113801
Misc. Comments: ASSIGNMENT EFFECTIVE DATE 1/15/2009

SEE ATTACHED LEGAL DESCRIPTION
and recorded in the official records of the County of Marion, State of Florida affecting Real Property and more particularly described on said Mortgage referred to herein.

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 07/01/2009.

American Home Mortgage Servicing, Inc. as
successor-in-interest to Option One Mortgage Corporation

Witness: Dawn Williams

Korell Harp
Vice President

Witness: Christina Huang

Tywanna Thomas
Asst. Vice President

State of GA
County of Fulton

On this date of 07/01/2009, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named Korell Harp and Tywanna Thomas, known to me (or identified to me on the basis of satisfactory evidence) that they are the Vice President and Asst. Vice President respectively of American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage Corporation, and were duly authorized in their respective capacities to execute the foregoing instrument in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Kelli Woolever
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
June 14, 2013

Notary Public:

# EXHIBIT C

Document Prepared By:
**Ron Meharg, 888-362-9638**
When Recorded Return To:
**DOCX**
**1111 Alderman Dr.**
**Suite 350**
**Alpharetta, GA 30005**

| AHMA | 647 | 31800639 |

CRef#:05/10/2009-PRef#:A031-POF
Date:04/28/2009-Print Batch ID:5554
MIN #:  10031400010095916
MERS Telephone #:  888/679-6377
Property Address:
**15335 BLUE FISH CIRCLE**
**BRADENTON, FL 34202**
FLaosi-eR2.0  01/07/2009 Copyright (c) 2009 by DOCX LLC

This Space for Recorder's Use Only



### ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt and sufficiency of which is hereby acknowledged, **Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc.,** whose address is 6501 Irvine Center Drive, Irvine, CA 92618, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto **Deutsche bank National Trust Company as Indenture Trustee for American Hoem Mortgage Investment Trust 2006-1 Mortgage-Backed Notes series 2006-1,** whose address is 1761 East St. Andrew Place Santa Ana, CA 92705-4934, the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s):  **LINDA L SHAFFER AND ALAN L BRESLOW**
Original Mortgagee: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMERICAN HOME MORTGAGE ACCEPTANCE, INC.**
Date of Mortgage: 09/21/2005                              Loan Amount: **$327,725.00**
Recording Date: 09/26/2005     Book: 02062     Page: 1282 Document #: 2203926
Misc. Comments:  **ASSIGNMENT EFFECTIVE DATE: 04/27/2009**

**LEGAL DESCRIPTION: LOT 36, GREEBROOK VILLAGE, SUBPHASE KK UNIT 1 A/K/A GREEBROOK BANKS, A SUBDIVISION ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 45, PAGES 336 THROUGH 40, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA.**
and recorded in the official records of the **County of Manatee,** State of Florida affecting Real Property and more particularly described on said Mortgage referred to herein.

**IN WITNESS WHEREOF,** the undersigned has caused these presents to be executed on this date of 05/01/2009.

Witness: **Dawn Williams**

Witness: **Christina Huang**

Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc.

Koren Harp
Vice President

Tywanna Thomas
Asst. Secretary

K 2297 PG 562 Filed & Recorded 5/14/2009 1:25:52 PM
Case 9:10-cv-80259-WJZ Document 15 Entered on FLSD Docket 02/17/2010 Page 28 of 29
B. "CHIPS" SHORE Clerk of Circuit Court Manatee County FL.  (2 of 2)

State of **GA**
County of **Fulton**

    On this date of **05/01/2009**, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named **Korell Harp** and **Tywanna Thomas**, known to me (or identified to me on the basis of satisfactory evidence) that they are the **Vice President** and **Asst. Secretary** respectively of **Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc**, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

    Witness my hand and official seal on the date hereinabove set forth.

Notary Public: _____

**Brittany Snow**
**NOTARY PUBLIC**
**Fulton County**
**State of Georgia**
**My Commission Expires**
**May 21, 2011**

Case 0:10-cv-80259-WJZ Document 1 Entered on FLSD Docket 02/17/2010 Page 29 of 29

**FILED** by _____ D.C.
ELECTRONIC

# CIVIL COVER SHEET

*JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases below.**

**Feb. 17, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**

Linda Shaffery

, Kenneth Schneider, Alan Breslow and

Ginnifer Gee

**DEFENDANTS**

Deutsche Bank National Trust Company, U.S.
Association, Lender Processing Services, Inc. and DOCX, LLC.

**(b)** County of Residence of First Listed Plaintiff  Nassau County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

The Szymoniak Firm, P.A.
The Metropolitan, PH2-05, 403 S. Sapodilla Avenue
West Palm Beach, Florida 33401
Telephone: (561) 247-1391

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI - DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | |
|---|---|---|

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

10 CV 80259 WJZ/RSR

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☑ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page:)

JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

15 U.S.C. 1692c

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**  ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes  ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD  *Lynn E. Szymoniak*

DATE  2-17-2010

FOR OFFICE USE ONLY

AMOUNT  350    RECEIPT #  72689